RICHARD L. HILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket Nos. 1733-90, 24594-90
United States Tax Court
T.C. Memo 1992-140; 1992 Tax Ct. Memo LEXIS 203; 63 T.C.M. (CCH) 2323; T.C.M. (RIA) 92140; March 9, 1992, Filed *203 Decision will be entered under Rule 155. Richard L. Hill, pro se. Wesley F. McNamara, for respondent. CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Docket No.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
1733-90
1986 $ 7,455 $ 1,863.75 $ 372.75
24594-90
1987
13,504
3,376.00
675.00
Sec.
Sec.
Sec.
Docket No.
6653(a)(1)(B)
6654(a)
6661
1733-90
--
$ 360 $ 1,863
24594-90
* 729
-- After concessions by the parties, the issues remaining for decision in these consolidated cases are: (1) Whether petitioner is liable for additions to tax for delinquency, negligence, and failure to pay estimated taxes; and (2) whether petitioner is liable for the penalty under section 6673 for *204 instituting a proceeding primarily for delay. All section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT We incorporate by reference the stipulation of facts and attached exhibits. Petitioner maintained a home in Creswell, Oregon, at the time he filed his petitions. Petitioner, in his petitions, seeks a redetermination of the additions to tax "due to the fact that the deficiency notice * * * was the first assessment received from the Secretary or the Internal Revenue Service." OPINION Petitioner did not contest that he received self-employment income for the tax years 1986 and 1987. Nor did he dispute the fact that he did not file Federal income tax returns and did not pay any income tax for these years. Rather, he argues that he is not required to file tax returns and pay income taxes because our income tax system "is based on a voluntary self-assessment, not distraint." He further argues that he is not liable for the additions to tax because neither respondent nor this Court have shown him where it is decreed that he is required to file an income tax return, *205 and because he did not receive a notice of assessment prior to receiving the notices of deficiency in these cases. Therefore, he concludes that the additions to tax do not apply to him. Respondent provided petitioner with materials concerning the filing requirements and the additions to tax at issue in this matter. Respondent mailed to petitioner an article entitled "Some Constitutional Questions About Federal Income Tax Laws" and offered to discuss any concerns or questions that petitioner might have after reading the article. Moreover, petitioner has unsuccessfully raised these same arguments in a previous Tax Court proceeding, . It is obvious from petitioner's brief that he has acquired more than a passing acquaintance with certain sections of the Internal Revenue Code and certain Court opinions which he concludes support his position. He certainly must have run across the general requirements for returns in section 6011 and the specific requirements for income tax returns in section 6012. The simple fact is that until someone tells petitioner that he is not required to file a tax return, he will continue to treat *206 all answers as "nonanswers". Petitioner's contentions are outdated protester-type arguments that have been dismissed repeatedly by this Court. See, e.g., ; . As the Court stated in , affd. : The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions.
Respondent's determinations in her notices of deficiency are presumed correct; the burden of proof is on petitioner to show that those determinations are incorrect. Rule 142(a); . Petitioner has not presented any legal or factual errors in respondent's determinations. We again reject petitioner's contentions that he is not liable for the additions to tax determined in the notices. The additions, however, will have *207 to be recalculated based on the reduced amounts of deficiencies redetermined by the parties. Finally, respondent has requested that a penalty be imposed under section 6673. Under this section, if it appears to the Tax Court that: (1) Proceedings have been instituted or maintained by a taxpayer primarily for delay; (2) the taxpayer's position is frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue available administrative remedies, the Court may require the taxpayer to pay a penalty to the United States. Petitioner's frivolous and groundless arguments contesting the additions to tax were raised by him previously and rejected by this Court. By raising the same assertions for a second time, he has indicated his desire to delay this proceeding and has wasted a great deal of this Court's time and resources. We require petitioner to pay a penalty to the United States under section 6673 in the amount of $ 5,000 for each of the years 1986 and 1987 for a total of $ 10,000. Decisions will be entered under Rule 155. Footnotes
*. 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment to section 6653(a)(1)(B).↩